Matter of Hoskins (2023 NY Slip Op 06368)

Matter of Hoskins

2023 NY Slip Op 06368

Decided on December 13, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
HELEN VOUTSINAS, JJ.

2023-03147

[*1]In the Matter of Debra A. Hoskins, admitted as Debra Anita Hoskins, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Debra A. Hoskins, respondent. (Attorney Registration No. 1685270)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 25, 1980.

Diana Maxfield Kearse, Brooklyn, NY (Susan Korenberg of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On March 31, 2023, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts personally served the respondent, by physical delivery to the respondent, with a notice of petition and a verified petition, both dated March 29, 2023, and duly filed those papers with this Court together with an affidavit of service. The petition contains four charges of professional misconduct alleging that the respondent misappropriated funds entrusted to her as a fiduciary; filed a false affirmation; failed to cooperate with two lawful investigations by the Grievance Committee into allegations of her professional misconduct; and failed to properly identify her attorney escrow account, in violation of rules 1.15(a), (b)(2) and 8.4(c), (d), and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
The notice of petition directed the respondent to serve and file her answer to the verified petition within 20 days after service upon her of the notice of petition and the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed, nor requested additional time in which to do so.
The Grievance Committee now moves to deem the charges against the respondent established based upon her default, and to impose such discipline upon her as this Court deems appropriate. Although the motion papers were served upon the respondent on May 26, 2023, by mail, she has neither opposed the instant motion nor interposed any response thereto.
By separate motion, the Grievance Committee moves, inter alia, to immediately suspend the respondent from the practice of law pursuant to 22 NYCRR 1240.9(a)(3) and (5), upon a finding that she failed to comply with the Grievance Committee's investigation and is guilty of professional misconduct. To date, the respondent has neither opposed this motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion to deem the charges against the respondent established based upon her default is granted, the charges in the verified petition dated March 29, 2023, are deemed established, and, effective immediately, the respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law. The Grievance Committee's separate motion, inter alia, to immediately suspend the respondent from the practice of law is denied as academic.
LASALLE, P.J., DILLON, DUFFY, CONNOLLY and VOUTSINAS, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to deem the charges in the verified petition dated March 29, 2023, established is granted, and the Grievance Committee's separate motion, inter alia, pursuant to 22 NYCRR 1240.9(a)(3) and (5) to immediately suspend the respondent, Debra A. Hoskins, admitted as Debra Anita Hoskins, from the practice of law is denied as academic; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Debra A. Hoskins, admitted as Debra Anita Hoskins, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Debra A. Hoskins, admitted as Debra Anita Hoskins, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Debra A. Hoskins, admitted as Debra Anita Hoskins, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Debra A. Hoskins, admitted as Debra Anita Hoskins, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Acting Clerk of the Court